# UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
District Judge

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

MEMORANDUM

ORIGINAL ON FILE WITH CLERK OF COURT

June 26, 2007

Appearances:

*Attorney for Plaintiffs*
Joseph Maffongelli, Jr.
533 Bloomfield Avenue
Montclair, NJ 07042

*Attorney for Defendant*
Scott L. Haworth
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400

Re: Marvin Sims & Vincent Gales v. Invacare Corporation & ABC Companies
No. 06-3136 (WHW)
Defendant's Motion to Dismiss for Failure to Comply with Discovery

Dear Litigants:

This matter comes before the Court on Defendant Invacare Corporation's motion to dismiss Plaintiffs Martin Sim's and Vincent Gale's Complaint, with prejudice, for failure to comply with discovery obligations. Pursuant to Fed. R. Civ. P. 78, the Court decides this motion without oral argument. Plaintiffs' Complaint is dismissed, without prejudice, with leave to move

to reinstate the Complaint within thirty-five days of the date of this Opinion.

**FACTS AND PROCEDURAL HISTORY**

On June 9, 2006, Plaintiffs filed a Complaint against Invacare Corporation ("Invacare") and ABC Companies in the Superior Court of New Jersey, Law Division, Essex County. On July 12, 2006, Invacare removed to the Federal District of New Jersey pursuant to 28 U.S.C. §1332. The Complaint alleges that on September 4, 2004, decedent Karen Gales-Sims was riding a motor scooter allegedly manufactured by Invacare. The Complaint claims that the scooter lost power while the decedent was crossing railroad tracks, forcing the decedent to leap from the scooter to avoid being hit by a train. The Complaint further alleges that the decedent suffered a back injury, requiring surgery six months later, and that the decedent died shortly thereafter as a result of complications from the surgery.

Defendant served Plaintiffs with Initial Interrogatories and an Initial Demand for Documents on July 11, 2006. On February 20, 2007, Magistrate Hedges issued a Pretrial Scheduling Order providing that Plaintiffs were to provide the requested discovery by no later than March 6, 2007. Defendant alleges that Plaintiffs failed to comply. On April 2, 2007, Defendant sent a letter to Plaintiffs advising of this failure. Plaintiffs' counsel responded with a handwritten fax which stated, "See my Corres. of 3/15/07." The following day, Defendant advised Plaintiffs' counsel that it had never received the March 15 correspondence and again requested discovery. Defendant also indicated that the discovery delay had prevented it from meaningfully inspecting the scooter. On April 12, 2007, the parties had a telephone conference. Defendant sent a follow up letter to Plaintiffs' counsel in an attempt to resolve the discovery dispute. On April 16, 2007, Defendant received a copy of partial discovery responses from Plaintiffs. The cover letter was dated March 13, 2007.

On April 17, 2007 Defendant sent a notice to Plaintiffs' counsel advising that their responses were deficient in the following respects: 1) failure to provide responses to Defendant's Demand for Documents; and 2) failure to respond to Interrogatories 1, 7, 8, and 9. On May 14, 2007, the parties had a conference call with Magistrate Falk. According to Defendant, Judge Falk instructed Plaintiffs to provide all discovery and granted Defendant leave to file a motion to dismiss if Plaintiffs failed to comply. On May 14, 2007, Plaintiffs served Defendants with the Death Certificate and incident report but failed to address the other discovery deficiencies.

On May 30, 2007, Defendant filed the present motion to dismiss the Complaint, with prejudice, for failure to comply with discovery obligations. Plaintiffs have not responded.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 37(b) and (d) governs situations in which a party fails to cooperate in discovery and fails to obey court orders. Rule 37(b)(2)(c) provides that if a party fails to obey an order to provide or permit discovery, the court may impose sanctions, including a dismissal of the case. Similarly, Rule 37(d) allows the Court to impose sanctions, upon motion, where a party has failed to attend his own deposition or serve answers to interrogatories. Dismissal is an extreme sanction which is reserved for instances in which it is justly warranted. Poulis v. State Farm Fire and Casualty Co., F.2d 863, 870 (3d Cir. 1984). In determining whether to impose a punitive sanction of dismissal, a district court must apply the factors enumerated in Poulis:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history or dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868; see also James Industries, Inc. v. Lexar Corp., No. 01-3697 2003 WL 1477785, at *3 (3d Cir. 2003) (applying Poulis factors to a Rule 37 motion to dismiss).

It is not necessary that all of the Poulis factors weigh against the non-moving party in order to justify dismissal of a claim. Sunday v. United States, No. 89-8374, 1992 WL 221322, *2 (E.D. Pa. 1992).

**DISCUSSION**

In assessing whether Plaintiffs' conduct warrants the sanction of dismissal, the Court carefully weighs the Poulis factors. First, it appears that Plaintiffs and their counsel are personally responsible for the delays. Plaintiffs' partial compliance with the discovery requests and participation in the phone conference with Judge Falk indicate that they had notice of their discovery obligations. Furthermore, what was purported to be an "expert" examination of the defects of the scooter was written by one of the Plaintiffs. It is clear to the Court that Plaintiffs themselves are involved in the discovery process and can be held accountable for the delays.

The second factor also favors dismissal. There is undoubtedly prejudice to the Defendant. The discovery end date is June 28, 2007. According to Defendant's representations, Defendant has been unable to inspect the product or meaningfully depose Plaintiffs. Defendant cannot be expected to represent itself when the Plaintiffs are uncooperative in providing discovery and elaborating on the very nature of the action.

The third and fourth factors in large part favor dismissal as well. Defendant appears to have made a good faith effort to resolve the discovery dispute by sending letters to Plaintiffs and initiating phone conferences. Despite such overtures, Plaintiffs have failed to comply with their discovery obligations. They have not sought an extension or offered any justification. Nor did

they respond to this motion.

The Court notes that the dilatoriness of Plaintiffs is tempered by the short time frame. This action was filed in 2006 and Judge Hedges did not issue the Pretrial Scheduling Order until February of this year. While Plaintiffs' conduct is inexcusable, the Court cannot conclude with certainty that Plaintiffs and their counsel are acting in bad faith rather than simply being inexperienced.

The fifth factor, effectiveness or availability of other alternate sanctions, cuts against dismissal with prejudice. Dismissal with prejudice is an extraordinary remedy. Here, the Court has the option of assessing monetary fines or dismissing the Complaint without prejudice.

Finally, the Court considers the meritoriousness of the claim. A claim is deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff. Id. at 870. Here, Plaintiffs appear to be alleging products liability and wrongful death. The serious nature of the claim weighs against dismissal.

After carefully weighing and balancing the Poulis factors, the Court concludes that although Plaintiffs' dilatory conduct warrants dismissal, the serious nature of the case and the short time frame at issue counsels against dismissal with prejudice. Accordingly, the Court concludes that the appropriate sanction is to dismiss Plaintiffs' Complaint without prejudice, with leave to move to reinstate the Complaint. Plaintiffs are directed to comply with all discovery requests within thirty-five days from the date of this Opinion if Plaintiffs wish to seek reinstatement of the Complaint.

**CONCLUSION**

It is on this 26th day of June, 2007,

ORDERED that Plaintiffs' Complaint is DISMISSED, without prejudice, with leave to

move to reinstate the Complaint and comply with all discovery requests within thirty-five (35) days from the date of this Opinion; and it is further

ORDERED that Defendant is granted leave to move for dismissal of the Complaint with prejudice if Plaintiffs fail to reinstate the Complaint or furnish discovery within thirty-five (35) days of the date of this Opinion.

s/ William H. Walls
**William H. Walls, U.S.S.J.**